ORIGINAL

RECEIVED
JUN 05 2023
PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ERLANDE IBREUS,

Plaintiff,

v

NEW YORK CITY HEALTH AND HOSPITALS CORPORATION D/B/A NYC HEALTH + HOSPITALS,
City of New York

Defendants

CASE NO.

**23-CV-4220-LDH-SJB**

Plaintiff ~~Defendant No.~~

| | |
|---|---|
| Name | Erlande Ebreus |
| Job or Title *(if known)* | Hospital Care Investigator |
| Street Address | 4170 Main street B3749 |
| City and County | Flushing |
| State and Zip Code | New York 11355 |
| Telephone Number | (516) 582-7878 |
| E-mail Address *(if known)* | eibreusprofessional@gmail.com |

Defendant No.

| | |
|---|---|
| Name | New York City Health and Hospital |
| Job or Title *(if known)* | ~~Former Employer~~ |
| Street Address | 82-68 164th street |
| City and County | Jamaica, NY 11432 |
| State and Zip Code | Queens County |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No.

| | |
|---|---|
| Name | City of New York |
| Job or Title *(if known)* | ~~100 Church street~~ |
| Street Address | 100 Church street |
| City and County | New York NY 10007 |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No.

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Plaintiff, for her complaint against defendant New York City Health and Hospitals Corporation ("NYC H&H Corp.") alleges as follows:

## NATURE OF THE ACTION

1. This is an action for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, on the grounds that defendant failed to reasonably accommodate plaintiff's sincerely held religious objection to NYC H&H Corp.'s COVID-19 vaccination policy. Although defendant, after investigation, determined that plaintiff was entitled to an exemption from the vaccination requirement due to her sincerely held religious beliefs, it nonetheless claimed - without any investigation, interactive process, or basis - that one could not be granted without undue hardship. Plaintiff also asserts concurrent claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* By this action, Plaintiff seeks all legal and equitable relief available, including back pay, front pay/reinstatement, compensatory damages, punitive damages, civil penalties, attorney's fees and costs, and appropriate injunctive relief. Plaintiff demands a trial by jury.

## PARTIES

2. Plaintiff, a resident of Queens County, was employed by defendant's location at Queens Hospital Center in a back-office position where she principally processed Medicare and Medicaid claims. She worked in that position from July of 2018 through September 27, 2021 when defendant placed her on unpaid leave after determining that she was entitled to a reasonable accommodation of her sincerely held religious beliefs

which precluded her from the Covid 19 vaccine, but thereafter contended that there was no accommodation they could offer (including the accommodation of continuing to work remotely as she had been doing without issue) without undue hardship. Consequently, defendants terminated her employment and challenged her receipt of unemployment benefits when she declined the vaccine. At all relevant times, Ibreus was an "employee" of Defendant within the meaning of Title VII.

3. Defendant NYC H&H Corp. is a public benefit corporation created by the New York State Legislature on July 1, 1970 to operate New York City's municipal hospitals. NYC H&H Corp. operates healthcare facilities in all five boroughs including a facility in Queens County where plaintiff reported for work prior to the pandemic. At all relevant times, NYC H&H Corp. was engaged in an industry affecting commerce and had more than 500 employees. At all relevant times, NYC H&H Corp was Plaintiff's "employer" within the meaning of Title VII.

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3) (Title VII).

5. This Court has supplemental jurisdiction over Plaintiff's state and city law claims pursuant to 28 U.S.C. § 1367, because Plaintiff's federal, state, and city law claims derive from a common nucleus of operative facts and form part of the same case or controversy under Article III of the U.S. Constitution.

6. This Court has venue over this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) and 42 U.S.C. § 2000e-5(f)(3) (Title VII), because Defendant resides in this judicial district and a substantial part of the events or omissions giving

rise to the claim occurred in this judicial district.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff properly exhausted her administrative remedies under Title VII prior to filing this action.

8. On or about June 24, 2022, Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission. The charge was assigned charge number 01264.

9. On or about March 1, 2023 the EEOC issued a Notice of Right to Sue, a copy of which was furnished to Plaintiff on March 8, 2023.

10. This action was filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue.

11. There are no administrative exhaustion requirements for Plaintiff's concurrent claims under the New York State Human Rights Law and the New York City Human Rights Law.

## ALLEGATIONS

12. As a result of the NYS Healthcare Workers Vaccine Mandate (the "Vaccine Mandate"), which went into effect on August 26, 2021, and was to apply for a period of 90 days, defendants announced on its intranet that all hospital staff must receive a first dose of a Covid vaccine by September 27, 2021.

13. Defendant's implementation of the Vaccine Mandate provided for both religious and medical exemptions and defendant established an online portal for exemption submissions noting that those requesting religious exemptions determined to be valid may be

accommodated by working remotely if the employee's role was comprised of job duties that could be performed remotely.

14. Plaintiff submitted a request for an exemption on religious grounds, and after defendants' reviewed it they determined that she qualified for an exemption due to her religious beliefs.

15. Defendants never engaged in an interactive process with plaintiff to determine if and how her religious beliefs could be accommodated and relied solely on her job title of "Systems Hospital Care Investigator" which was in no way descriptive of her actual job duties which consisted principally of submitting bills to Medicare and Medicaid based on data that she accessed online. The job description for her position underscored its amenability to be performed remotely by noting that any necessary interactions with patients and their family , relatives and friends could be done in the hospital or "by telephone."

16. All of plaintiff duties lent themselves to remote work. She interviewed patients and family members by telephone, to determine patient's and/ or legally responsible relative's ability to pay for services rendered. She referred patients to various hospital departments and outside agencies via phone to resolve ancillary problems. She verified insurance eligibility including but not limited to Medicaid, Medicare, Blue Cross, Commercial and Managed Care via phone and e-mail, and she was able to access necessary patients' medical records online.

17. Defendant had no interactive dialogue with plaintiff whatsoever prior to their determination that there was no accommodation they could offer her. They never communicated with her regarding her actual job duties, how she went about discharging them, the resources she used, or about her extensive experience of satisfactorily working

remotely without issue to date. At all ti8jmes their sole objective appeared to be to coerce her into accepting the vaccine against her religious beliefs and then to punish her when she refused to do so regardless of her individual duties which accommodated remote work.

18. Although defendants conceded to the EEOC after plaintiff filed her charge of discrimination that she had performed extensive remote work prior to her discharge without issue, they nonetheless alleged that it would not be possible to adequately perform the duties of her job-title remotely "on a full time or permanent basis" when in actuality the NYS Vaccine mandate was set to expire on November 26, 2021, seven days after they announced, on November 19, 2021 that her job would be terminated on November 26, 2021.

**There Was No Legal Bar to Accommodating**
**Plaintiff's Sincerely Held Religious Beliefs.**

19. Prior to defendant's termination of plaintiff's employment, the United States Court of Appeals for the Second Circuit affirmed on November 12, 2021, that relevant New York State law permitted accommodations of religious beliefs provided the employee could no longer "potentially expose, patients, residents, or [personnel] to [Covid 19]." Remote work would remove them from the definition of "Personnel" within the applicable regulations.

**COUNT ONE: VIOLATION OF TITLE VII**

20. By denying her request for a religious exemption to the mandatory COVID-19 vaccination policy and terminating her employment, Defendant violated Plaintiff's rights under Title VII.

21. Title VII provides, *inter alia*, that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion . . . ." 42 U.S.C. § 2000e-2(a)(1). Title VII further defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business."

22. Defendant was recklessly indifferent to Plaintiff's federally protected rights.

23. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost income and benefits and mental and emotional distress, for which she is entitled to an award of back pay, front pay/reinstatement, compensatory damages, punitive damages, attorney's fees and costs, and appropriate injunctive relief.

**COUNT TWO: VIOLATION OF STATE HUMAN RIGHTS LAW**

24. By denying her request for a religious exemption to the mandatory COVID-19 vaccination policy and terminating her employment, Defendant violated Plaintiffs rights under the New York State Human Rights Law.

25. The State Human Rights Law provides, *inter alia*, that "[i]t shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of an individual's . . . creed . . . to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." N.Y. Exec. Law § 296(1)(a). The State Human Rights Law further provides that "[i]t shall be

an unlawful discriminatory practice for any employer . . . to impose upon a person as a condition of obtaining or retaining employment . . . any terms or conditions that would require such person to violate or forego a sincerely held practice of his or her religion . . . unless, after engaging in a bona fide effort, the employer demonstrates that it is unable to reasonably accommodate the employee's or prospective employee's sincerely held religious observance or practice without undue hardship on the conduct of the employer's business." *Id.* § 296(10)(a).

26. Defendant was recklessly indifferent to plaintiff's state law rights.

27. As a direct and proximate result of Defendant's discriminatory conduct, plaintiff has suffered pecuniary and non-pecuniary damages, including lost income and benefits and mental and emotional distress, for which she is entitled to an award of back pay, front pay/reinstatement, compensatory damages, punitive damages, civil penalties, attorney's fees and costs, and appropriate injunctive relief.

**COUNT THREE: VIOLATION OF CITY HUMAN RIGHTS LAW**

28. By denying her request for a religious exemption to the mandatory COVID-19 vaccination policy and terminating her employment, Defendant violated plaintiff's rights under the New York City Human Rights Law.

29. The City Human Rights Law provides, *inter alia*, that "[i] shall be an unlawful discriminatory practice . . . [f]or an employer . . . because of the actual or perceived . . . creed . . . of any person . . . to discharge from employment such person; or . . . [t]o discriminate against such person in compensation or in terms, conditions or privileges of employment." N.Y.C. Admin. Code § 8-107(1). The City Human Rights

Law further provides that "[i]t shall be an unlawful discriminatory practice for an employer . . . to impose upon a person as a condition of obtaining or retaining employment any terms or conditions, compliance with which would require such person to violate, or forego a practice of, such person's creed or religion . . . and the employer shall make reasonable accommodation to the religious needs of such person." *Id.* § 8-107(3).

30. Defendant was recklessly indifferent to plaintiff's city law rights.

31. As a direct and proximate result of Defendant's discriminatory conduct, plaintiff has suffered pecuniary and non-pecuniary damages, including lost income and benefits and mental and emotional distress, for which she is entitled to an award of back pay, front pay/reinstatement, compensatory damages, punitive damages, civil penalties, attorney's fees and costs, and appropriate injunctive relief.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues triable by jury in the above-captioned civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter judgment against Defendant on her claims under Title VII, New York State Human Rights Law, and New York City Human Rights Law, and award her the following relief:

A. Back pay in an amount to be determined at trial;

B. Front pay (or reinstatement) in an amount to be determined at trial;

C. Compensatory damages in an amount to be determined at trial;

D. Punitive damages in an amount to be determined at trial;

E. Civil penalties in an amount to be determined at trial;

F. Pre-judgment and post-judgment interest;

G. Attorney's fees and costs;

H. Appropriate injunctive relief; and

I. Such other relief as justice may require.

***Plaintiff Pro Se:***

-----------------------------------------

**June 4, 2023**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/01/2023

**To:** Erlande Ibreus
4170 Main Street B3749
FLUSHING, NY 11355
Charge No: 520-2022-01264

EEOC Representative and email: MICHAEL WOO
Investigator
michael.woo@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
03/01/2023

Timothy Riera
Acting District Director

**Cc:**
Sarah Arena
sarah.arena@nychhc.org

Stewart L Karlin
Stewart Lee Karlin Law Group, P.C.
111 John Street 22nd Floor
New York, NY 10038

Please retain this notice for your records.

Gmail

Erlande Ibreus <eibreusprofessional@gmail.com>

# Document Added to EEOC Charge 520-2022-01264

**EEOC** <no-reply@service.eeoc.gov> Wed, Mar 8, 2023 at 8:21 AM
To: Stewart L Karlin <slk@stewartkarlin.com>, Erlande Ibreus <eibreusprofessional@gmail.com>

**U.S. Equal Employment Opportunity Commission**

A new document was added to EEOC Charge No. 520-2022-01264, Erlande Ibreus v. NYC HEALTH AND HOSPITAL COOPERATION. To view it, sign-in to the EEOC Public Portal.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact (929) 506-5270 and destroy all copies of the original message and attachments.*