UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ERLANDE IBREUS,

                      Plaintiff,

against,

NEW YORK CITY HEALTH AND HOSPITAL
CORPORATION and THE CITY OF NEW YORK,

                      Defendants.

**MEMORANDUM AND ORDER**
23-cv-04220 (LDH) (SJB)

---

LASHANN DEARCY HALL, United States District Judge:

Erlande Ibreus ("Plaintiff"), proceeding pro se, brings the instant action against New York City Health and Hospital ("NYCH&H") and the City of New York (the "City") (together, "Defendants"), alleging religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

## BACKGROUND

Plaintiff initiated this action on June 5, 2023, claiming that Defendants discriminated against her on the basis of her religion when they failed to accommodate her religious objection to NYCH&H's COVID-19 vaccination policy. (*See* Compl. ¶ 1, ECF No. 1.) On September 5, 2023, Defendants filed a request for a pre-motion conference on their anticipated motion to dismiss. (*See generally* Ltr. Mot., ECF No. 11.) On September 12, 2023, Plaintiff requested leave to amend her complaint. (*See* Ltr. Mot. Amend, ECF No. 13.) The Court granted Plaintiff's request to amend her complaint and directed Plaintiff to file her amended complaint on or before November 2, 2023.

The Court also directed that, to the extent that Defendants intended to move to dismiss the amended complaint, the following schedule applied: Defendants were to serve their motion to dismiss on or before November 23, 2023; Plaintiff was to serve her response to the motion to dismiss on or before December 14, 2023; and Defendants were to serve their reply on or before December 21, 2023.  However, Plaintiff failed to file any amended complaint.

In the absence of an amended complaint, Defendants filed a letter requesting an extension to December 7, 2023, to file their motion to dismiss Plaintiff's original complaint, which they did.  (ECF Nos. 18, 19, 20.)  Pursuant to Local Civil Rule 6.1(b), Plaintiff's deadline to file her opposition to the motion to dismiss was December 21, 2023.  On December 28, 2023, Plaintiff filed a letter requesting an extension to February 19, 2024 to respond to the motion to dismiss. (ECF No. 23.)  Plaintiff failed to file any response in opposition to Defendants' motion on or after February 19, 2024.  Next, the Court issued an Order on June 12, 2024, which directed Plaintiff to file her opposition on or before June 20, 2024, and warned that "[f]ailure to abide by this Order may result in dismissal for failure to prosecute."  Plaintiff failed to file a timely response.  On July 12, 2024, the Court granted Plaintiff an additional opportunity to file her opposition, this time to July 30, 2024.  Again, the Court warned Plaintiff that "[f]ailure to abide by this Order may result in dismissal for failure to prosecute."  Plaintiff again failed to file any response.  Finally, on August 9, 2024, the Court granted Plaintiff a final opportunity to file her opposition brief by August 23, 2024, again warning that "[f]ailure to abide by this Order *shall* result in dismissal for failure to prosecute."  Despite multiple extensions and orders by this Court, Plaintiff never filed any opposition brief.

2

**DISCUSSION**

A district judge may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if "the plaintiff fails to prosecute or to comply with [the] rules or a court order[.]" Fed. R. Civ. P. 41(b). The prudent application of this rule is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Manshul Const. Corp. v. Int'l Fid. Ins.*, 1999 WL 461756, at *2 (2d Cir. Jun. 18, 1999) (unpublished table opinion) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)) (dismissing *sua sponte* with prejudice). Notwithstanding its benefits, disposal of cases for failure to prosecute is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.3d 853, 855 (2d Cir. 1972) (per curiam)). Thus, as a procedural safeguard, district courts must balance five factors—none of which are dispositive—when determining whether to dismiss for failure to prosecute under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

The Second Circuit has cautioned that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas*, 84 F.3d at 535. That said, the latitude afforded to unrepresented parties does not exempt them from diligently prosecuting their cases; pro se litigants are still "required to attempt to comply with

3

procedural rules, especially when they can be understood without legal training and experience." *Yadav v. Brookhaven Nat'l Lab'y.*, 487 F. App'x 671, 672 (2d Cir. 2012) (summary order) (affirming dismissal for failure to prosecute where pro se litigant did not respond to discovery for three months).

Dismissal is proper here. *First,* nearly nine months have lapsed since Plaintiff's opposition was first due. While there is no bright-line rule, the Second Circuit has found similar periods of inaction sufficient to warrant dismissal. *See, e.g.*, *Lyell Theatre Corp.*, 682 F.2d at 42–43 (noting that delays lasting "merely a matter of months" may support dismissal). Therefore, a delay of nine months is more than sufficient.

*Second*, Plaintiff has been given three opportunities to comply with the Court's directives, and three clear notices that failure to comply with the Court's directives would result in dismissal for failure to prosecute, including on June 12, 2024, July 12, 2024, and August 9, 2024. These notices are sufficient to support dismissal here. *See, e.g.*, *Hunter v. N.Y. State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013) (finding notice of dismissal sufficient where the "record reveals that [plaintiff] received at least two notices that her action could be dismissed for a failure to prosecute").

*Third*, any further delay would prejudice Defendants. Whether responding parties have been prejudiced "turns on the degree to which the delay was lengthy and inexcusable." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004). This case has been pending for over a year. The Second Circuit has applied a presumption of prejudice where the plaintiff fails to respond to a court order for even shorter periods of time. *See, e.g.*, *Yadav v. Brookhaven Nat. Laboratory*, 487 F. App'x 671, 673 (2d Cir. 2012) (summary order) (affirming

4

dismissal where Plaintiff caused a delay of three months); *see also Brow*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) (affirming dismissal where plaintiff caused a delay of nearly six months). As such, Defendants here are presumed to be prejudiced. *See Wade v. Nassau Cnty.*, 674 F. App'x 96, 97–98 (2d Cir. 2017) (affirming dismissal where "the defendants [] had actively defended [the] case" and "would be prejudiced by further delay").

*Fourth*, a balancing of the Court's interest in managing its docket and Plaintiff's interest in her chance to be heard weighs in favor of dismissal. This prong is satisfied where the Court affords a plaintiff "ample time to inform the Court that [it] [stands] ready to press [its] claims[.]" *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 177–78 (2d Cir. 2008). Here, prior to pursuing dismissal, the Court granted Plaintiff several opportunities to file an opposition brief and avoid dismissal for failure to prosecute. Indeed, Plaintiff has not attempted to prosecute this case in nearly a year.[1] In other words, Plaintiff has been given ample time to indicate a readiness to proceed, which she has not. *See id.* (finding fourth prong satisfied where dismissal was delayed for twenty days).

*Fifth*, given Plaintiff's repeated failures to respond to the Court's orders, no lesser sanctions would be effective. *See, e.g.*, Horton v. City of New York, No. 14-CV-04279, 2015 WL 13021411, at *2 (E.D.N.Y. Jan. 9, 2015) ("Plaintiff has made no effort to comply with the Court's orders and prosecute this case, despite warnings from this Court that the case would be dismissed. Further warnings are likely to be futile. No lesser sanction would be effective and

---

[1] Plaintiff's only filing since receipt of Defendants' motion to dismiss was a letter motion dated December 28, 2023. (ECF No. 23.) There, Plaintiff sought an extension of time to respond to Defendants' motion to dismiss to February 19, 2024. In any event, Plaintiff's lone filing was not responsive to Defendants' motion to dismiss; rather, it sought separate relief. The Court, therefore, does not construe the letter motion as satisfying the Court's multiple directives to submit an opposition brief, or as otherwise made to further prosecute this case.

5

dismissal at this juncture is the only appropriate course."), *report and recommendation adopted*, No. 14-CV-04279, 2015 WL 13019585, at *1 (E.D.N.Y. Feb. 2, 2015), *aff'd*, 636 F. App'x 822, 824 (2d Cir. 2016). Indeed, in light of the substantial period that has lapsed since Plaintiff has taken any meaningful action in the case, the Court is hard pressed to see how any other sanction might move Plaintiff to act.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff's last known address.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2024

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge